Isaac N. Morris, plaintiff in error, *v.* William N. Grover, defendant in error.

*Error to Hancock.*

A wagon and harness were delivered by A. to B., for which B. executed his notes to A., payable in five and seven months from date, and A. gave to B. a memorandum in writing, stating that when the notes were paid, the property should belong to B., and the memorandum was to be a " perfect bill of sale " ; but until the payment, the memorandum was to operate as a license to use the property. This

(I) 4 Johns. 483.

L

memorandum was put into the hands of a third person, for safe keeping. Three or four months after the date of this transaction, B. sold the property, and received pay, in part, by the satisfaction of an obligation which the purchaser held against him, (the purchaser knowing of the existence of the memorandum, though it did not appear that he knew its contents.) and A. thereupon replevied the property of the purchaser, and on the trial of the cause, under the pleas of *non cepit*, and property in the defendant, the above facts appearing, the Court instructed the jury to find for the defendant, as in case of nonsuit ; and the jury found the issues for the defendant, and assessed his damages at $ 40. The Supreme Court refused to grant a *supersedeas*.

THE plaintiff in error instituted an action of *replevin* against the defendant in error, in the Hancock Circuit Court. The cause came on for trial at the September term, 1839, before the Hon. Peter Lott. The defendant pleaded *non cepit*, and that the property replevied was in him. The cause was submitted to a jury, who found the issues for the defendant, and assessed his damages at $ 40. Judgment was rendered upon this verdict.

The bill of exceptions, taken on the trial of the cause, states that the plaintiff, in order to prove the issues joined, called C. A. Warren as a witness, who, after being sworn, stated that the following agreement was entered into between the plaintiff and one Spring, to wit :

" This day delivered to Alpheus Spring, Jr., one dearborn or one-horse wagon, with the harness belonging to the same ; the wagon being valued at $ 80,00, the harness at $ 15,00. Also delivered to said Spring one brown horse, called Wig, valued at $ 65,00 = $ 160. For all of which said property, said Spring has given me his notes, one calling for $ 80,00, due five months from this date ; the other calling for $ 80,00, and due seven months from this date. The above specified property when paid for by discharging the notes aforesaid, to be considered as the property of said Spring, and this instrument or memorandum to be a perfect bill of sale for the same ; but until the payment of the $ 160,00 by discharging the two notes aforesaid, this instrument is to operate as a license for the use of said property. Given under my hand this 7th day of May, 1838, in presence of,

" I. N. MORRIS, [SEAL.]
" To be left with L. W. Brown for safe keeping.
" I. N. MORRIS. A. SPRING, JR."

Said witness also stated that, at the same time, the two notes, mentioned in the memorandum signed by Morris, were delivered to the plaintiff. The notes and memorandum were then read to the jury.

L. W. Brown testified that at the time of the execution of said memorandum, it was delivered to him for safe keeping ; — that afterwards, in the month of July or August, 1838, said Spring ran away from said county of Hancock, taking the property described in the plaintiff's declaration, it being the same wagon and harness

referred to in the said memorandum ; that said witness and the defendant followed said Spring, and on the same day, came up with him in Macomb, in McDonough county, where said defendant purchased the wagon and harness from said Spring, in part satisfaction of the demand which said defendant had on said Spring ; that said defendant then immediately brought said property to said Hancock county, where it was replevied by said plaintiff; that said witness and defendant, while on the pursuit as aforesaid, spoke together of said memorandum, but they did not speak of the contents thereof ; that Spring and defendant came to Hancock county together, about the same time, and worked together, and the defendant always spoke of Spring as a man worthy of credit. This was all the evidence. The Court, on motion of the defendant, instructed the jury to find for the defendant, as in case of a nonsuit ; to which the plaintiff excepted, and brought the cause to this Court by writ of error. The error assigned is the instruction of the Court.

I. N. Morris, at this term of the Court, moved for a *supersedeas.*

SMITH, Justice :

This is the second time this application has been made to the Court. At the last term of the Court we refused the motion for a *supersedeas,* as will appear by the records. It is not to be supposed that counsel intend to trifle with the Court ; but we would suggest whether it is not their duty to know the situation of their causes, so that the time of the Court may not be taken up by business which has been once disposed of. The motion is denied.

*Motion denied.*